UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CIRON BENTAY SPRINGFIELD, | No. C 14-5676 LB |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | [Re: ECF No. 13] |
| M. MOORE, Chief Deputy Warden; et al., | |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Ciron Bentay Springfield filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint, identified deficiencies in two claims, and ordered Mr. Springfield to file an amended complaint. He filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A. This order determines that the amended complaint states claims upon which relief may be granted and requires the Marshal to serve process on the two defendants.

**STATEMENT**

This action concerns the conditions of confinement at the Salinas Valley Psychiatric Program ("SVPP"), where Mr. Springfield was sent for mental health care in late December 2012. The amended complaint generally repeats the allegations of the original complaint. The amended complaint alleges the following:

C 14-5676 LB
ORDER

1    An institutional classification committee ("ICC") hearing was held on January 4, 2013, at which
2 chief deputy warden Moore was the chairperson and correctional counselor Meden was the recorder.
3 The ICC dismissed a social worker's recommendation to lower Mr. Springfield's custody
4 classification from maximum custody, and decided to continue Mr. Springfield on maximum
5 custody based on outdated information that incorrectly identified him as a validated associate of a
6 prison gang. As a result of his retention on maximum custody, Mr. Springfield faced higher
7 restrictions than he would have faced if his custody level was lowered. ECF No. 13 at 7.

8    The decision of chief deputy Moore and correctional counselor Meden at the ICC hearing to
9 keep Mr. Springfield on maximum custody "deliberately interfered/delayed the plaintiff access to
10 seriously needed mental health treatment." *Id.* at 9 (errors in source); *see also id.* at 13.
11 Correctional counselor Meden "recommended that the plaintiff be classified max custody instead of
12 psy/un, thus, disregarding the excessive risk of harm posed to the plaintiff after being notified by
13 sL.C.S.W. Hernandez of the plaintiff serious need for mental health treatment." *Id.* at 13.

14    The ICC's decision to keep Mr. Springfield on maximum custody was not supported by sufficient
15 evidence with adequate indicia of reliability, and was made without allowing Mr. Springfield to
16 present his written statement. *Id.* at 10.

17    The decision of chief deputy Moore and correctional counselor Meden at the ICC hearing to
18 keep Mr. Springfield on maximum custody caused Mr. Springfield to be denied access to the
19 exercise yard from December 27, 2013 until April 2013. *See id.* at 14-15. Defendants were aware
20 that inmate-patients, such as Mr. Springfield, who were on maximum security/cuff status were not
21 allowed to attend the exercise yard. *See id.* at 4.

## ANALYSIS

23    A federal court must engage in a preliminary screening of any case in which a prisoner seeks
24 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
25 § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims
26 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
27 monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se*
28 complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Upon review of the *original* complaint, the court had determined: (1) the complaint stated a cognizable claim for a violation of Mr. Springfield's Eighth Amendment rights based on the delay, denial, or interference with care for his mental health needs, ECF No. 7 at 4; (2) the complaint did not state a claim for a due process violation based on the decision to classify him as maximum custody or Close A custody, *id.* at 6; (3) the complaint did not state an Eighth Amendment claim based on the denial of outdoor exercise because, although a three-month deprivation of access to outdoor exercise was a sufficiently serious deprivation, the complaint did not allege "that this deprivation resulted from anyone's deliberate indifference," *id.* at 7.

The *amended* complaint (like the original complaint) states a claim against the two defendants for a violation of Mr. Springfield's Eighth Amendment rights based on the delay, denial, or interference with care for his mental health needs. *See* ECF No. 7 at 3-4. The *amended* complaint (like the original complaint) does not state a claim for a violation of Mr. Springfield's right to due process for the reasons stated at pages 5-6 of the order of dismissal with leave to amend. *See* ECF No. 7 at 5-6. In a nutshell, the defendants' classification decision to keep Mr. Springfield at the same level of custody did not deprive him of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *See Sandin v. Conner*, 515 U.S. 472 (1995); *see also Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). The *amended* complaint cured the deficiency in the outdoor exercise claim and states a claim against the two defendants for an Eighth Amendment violation based on their decision that caused him to be denied outdoor exercise for about three months. *See* ECF No. 7 at 7.

## CONCLUSION

1. The amended complaint states cognizable § 1983 claims against the two defendants for violating Mr. Springfield's Eighth Amendment rights with respect to mental health care and outdoor exercise. The due process claim is dismissed.

1    2. The clerk shall issue a summons and the United States Marshal shall serve, without
2 prepayment of fees, the summons, a copy of the amended complaint, a copy of all the documents in
3 the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon
4 the following two defendants, both of whom apparently are employed at the Salinas Valley State
5 Prison: (a) chief deputy warden M. Moore, and (b) correctional counselor II A. Meden.

6    3. In order to expedite the resolution of this case, the following briefing schedule for dispositive
7 motions is set:

8    a.    No later than **July 17, 2015,** defendants must file and serve a motion for summary
9 judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be
10 resolved by summary judgment, defendants must so inform the Court prior to the date the motion is
11 due.  If defendants file a motion for summary judgment, defendants must provide to Plaintiff a new
12 *Rand* notice regarding summary judgment procedures at the time they file such a motion.
13 *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).   If the motion is based on non-exhaustion of
14 administrative remedies, defendants must comply with the notice and procedural requirements in
15 *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

16    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be
17 filed with the court and served upon defendants no later than **August 14, 2015**.  Plaintiff must bear
18 in mind the notice and warning regarding summary judgment provided later in this order as he
19 prepares his opposition to any motion for summary judgment.

20    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no
21 later than **August 28, 2015**.

22    4. Plaintiff is provided the following notices and warnings about the procedures for motions for
23 summary judgment:

24 The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated

C 14-5676 LB
ORDER                                                     4

documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 1, 2015

LAUREL BEELER
United States Magistrate Judge